John F. **FUEHRER**, et al., John Cwickla, et al., Mary Carusone, Administratrix of the Estate of Frank Carusone, and Individually as the Widow of Frank Carusone, Peter Vollero, et al., John L. Fiorello, et al., Richard Burness, et al., Salvatore Sessa, Tommaso Melaragno, Charles Lathrop, et al., Walter Beck, et al., James Cicarelli, et al., Nicholas P. Wasuck, et al., Edward J. Ryba, et al., Stanley J. Karkut, Francis Sommo, et al., Alcide Huard, et al., Bryce White, et al., James M. Brangi, Sr., et al., Robert Farace, et al., Nancy D'Amelio, Executrix of the Estate of Anthony D'Amelio, Robert M. Shepard, et al., Maurice J. Albert, et al., August Huta, et al., Robert Reardon, et al., Janet A. Scavetta, et al., June Baker Ryba, et al., Elizabeth Paul, Executrix of the Estate of John Paul and Individually, Frances Champagne, et al., Rudolph J. Diaz, et al., William Devoe, Jr., et al., Alfred A. Covensky, et al., Alan David, et al., Dominic Caputo, Frederick J. Weiss, William M. Beckwith, et al., Patricia Lucas, et al., Pasquale Menta, et al., Gerald Kelly, David Benard, Darrell Beaulieu, et al., Michael Santinelli, et al., John A. Rinaldi, et al., Michael Palermo, et al., Edward T. Kaminski, et al., Guido Bartomioli, Vincent Racalbuto, et al., William McMenamy, Jr., et al., Violet Kelly, et al., John J. Gabriel, et al., Dominic A. Platti, Gennaro Laurito, et al., Frank A. Ferraiolo, et al., Joseph Felner, et al., Salvatore Aurora, et al., Harold McDermott, et al.

v.

**OWENS–CORNING FIBERGLAS CORPORATION, et al.**

William R. **BURCHARD**, et al., Saul Ahola, et al., Adelard J. Hebert, et al., William H. Egan, et al., Frank Stahecki, et al., Francis Allen, Sr., et al., Walter Kania, Sr., et al., Frederick J. Drobiak, et al., Francis M. Clements, et al., Raymond X. Sabourin, et al., Peter Ben, et al., George F. White, et al., Ronald J. Mathewson, et al., John Zadora, et al.,

Arthur J. Niles, et al., Joseph Stahecki, et al., Robert L. Lebeau, et al.

v.

SPECIAL MATERIALS, INC., et al.

Civ. Nos. H–83–1007, H–83–1008, H–83–1013, H–83–1056 to H–83–1058, H–84–49, H–84–198, H–84–224, H–84–272 to H–84–274, H–84–496, H–84–497, H–84–548, H–84–597, H–84–632 to H–84–635, H–84–641 to H–84–644, H–84–702 to H–84–704, H–84–706, H–84–707, H–84–931 to H–84–940, H–84–997, H–84–1138 to H–84–1144, H–84–1195 to H–84–1202, H–84–8, H–84–378, H–84–384 to H–84–397 and H–84–399.

United States District Court,
D. Connecticut.

Jan. 9, 1986.

James F. Early, Paul B. Whitman, John N. Montalbano, Sklarz & Early, New Haven, Conn., for plaintiffs.

Edward S. Pomeranz, James L. Pomeranz, Jason M. Dodge, Pomeranz, Drayton & Stabnick, Hartford, Conn., Richard S. Bartlett, McGann & Bartlett, Vernon, Conn., for intervening plaintiffs.

Frederick B. Tedford, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., Liaison Counsel for defendants.

Donald W. O'Brien, James M. Tanski, Lois B. Tanzer, Elizabeth Schlaff, O'Brien & Tanski, Hartford, Conn., for AC & S, Inc.

Robert L. Trowbridge, Henry Ide, Trowbridge, Ide & Greenwald, Hartford, Conn., for Ace Asbestos a/k/a/ Empire Ace Insulation Mfg. Corp.

James Ackerman, Ernest Mattei, Day, Berry & Howard, Bourke G. Spellacy, Thomas J. Shortell, Charles F. Corcoran, III, Updike, Kelly & Spellacy, Hartford, Conn., for American Asbestos Textile Corp. a/k/a Amatex.

Jacob H. Channin, Dennis C. Cavanaugh, Cohen & Channin, Hartford, Conn., for Armstrong World Industries, Armstrong Cork Co. a/k/a Armstrong Contracting & Supply Inc., a/k/a Armstrong C & S, a/k/a AC & S, a/k/a AC & S Inc., a/k/a AC and S Inc.

Joseph Adinolfi, Jr., Joseph A. O'Brien, Joseph P. Fasi, Joseph C. Morelli, James M. Tanski, Hartford, Conn., for Carey Canada.

Joseph Adinolfi, Jr., Joseph A. O'Brien, Joseph P. Fasi, Joseph C. Morelli, James M. Tanski, Hartford, Conn., and John Pearson, Bruce Bishop, Willcox, Savage, Dickson, Hollis & Eley, P.C., Norfolk, Va., for Celotex Corp.

Robert Oliver, Carolyn P. Gould, Kenneth Mulvey, New Haven, Conn., for Fibreboard Corp.

Howard B. Field, III, East Hartford, Conn., S. Robert Jelley, William J. Doyle, William H. Prout, Jr., Patrick M. Noonan, Alan G. Schwartz, Wiggin & Dana, New Haven, Conn., William J. Spriggs, Batzel, Nunn & Bode, Washington, D.C., for Eagle Picher.

Richard P. Sperandeo, Barry P. Beletsky, Harold C. Donegan, Sperandeo, Weinstein & Donegan, New Haven, Conn., for Forty-Eight Insulations.

Paul W. Orth, John T. Harris, Hoppin, Carey & Powell, Hartford, Conn., for G.A. F. Corp.

Stephen P. Sachner, Fred A. Hitt, Andrew D. Coleman, Hitt, Mihalakos, Sachner & Coleman, Cheshire, Conn., and George W. Ripley, Manchester, Conn., for Gale Corp.

Maurice T. FitzMaurice, Robert J. Hebron, Edward Spinella, Lawrence H. Lissitzyn, David E. Rosengren, Christopher F. Droney, Reid & Riege, P.C., Hartford, Conn., for Owens–Illinois Corp. and Owens–Illinois Glass Corp.

Vincent J. Dowling, Patrick J. Flaherty, Cooney, Scully & Dowling, Hartford, Conn., Gregory C. Willis, Willis & Holahan, Bridgeport, Conn., Joseph Adinolfi, Jr., Joseph P. Fasi, and Frederick B. Tedford, Joyce A. Lagnese, L. Wesley Nichols, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for Owens–Corning Fiberglas Corp. a/k/a Corning Glass Works Corp.

James A. Fulton, Mark R. Carta, Richard Lawler, Whitman & Ransom, Stamford, Conn., for Garlock Inc.

David W. Cooney, Edmund T. Curran, Regnier, Taylor, Curran & Langenback, Hartford, Conn., for H.B. Smith & Co.

John FitzGerald, James M. Moher, Birchard S. Bartlett, John Stephen Papa, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., H.K. Porter Co., Inc.

Andrew J. O'Keefe, O'Keefe, Dunn & Jackson, Hartford, Conn., for Hammermill Paper Co.

Gregory C. Willis, Willis & Holahan, Bridgeport, Conn., for J.P. Stevens Co., Inc.

Francis J. Wynne, Gould, Killian & Wynne, Hadleigh H. Howd, Winnie W. Zimberlin, Gerald S. Sack, Howd & Ludorf, Hartford, Conn., Thomas H. Cotter, John J. Cotter, Bridgeport, Conn., for Johnson Asbestos Corp.

Peter C. Schwartz, Philip J. O'Connor, Gordon, Muir & Foley, Hartford, Conn., for Johns Manville Corp., Johns Manville Products, Inc., Johns–Manville Sales Corp.

Robert Cathcart, James W. Bergenn, William O. Riiska, Pamela Dempsey, Shipman & Goodwin, Hartford, Conn., for Nicolet Industries.

R. Cornelius Danaher, Jr., Frederick B. Tedford, Joyce A. Lagnese, L. Wesley Nichols, John K. Henderson, Jr., Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., Henry Simon, Newark, N.J., for Pittsburgh–Corning Corp.

Richard S. Bartlett, John R. FitzGerald, James T. Haviland, II, John Stephen Papa, James M. Moher, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., for Southern Textile Corp., f/k/a Southern Asbestos Corp.

Ernest J. Mattei, Edward M. Richters, Sharon Webb, Day, Berry & Howard, Hartford, Conn., for Standard Insulations, Inc.

L. Douglas Shrader, Zeldes, Needle & Cooper, Bridgeport, Conn., for Special Materials, Inc.

Louis A. Highmark, Jr., Everett F. Fink, West Hartford, Conn., Frederick B. Tedford, Joyce A. Lagnese, Danaher, O'Connell, Attmore, Tedford & Flaherty, Hartford, Conn., for Spraycraft Corp.

Thomas J. Hagarty, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., for Sun Chemical Corp.

Shaun M. Slocum, Edward N. Shay, Shay & Thompson, New Haven, Conn., for U.S. Gypsum Co. a/k/a United States Gypsum Co.

John R. McGrail, Bruce M. Killion, Gillooly, McGrail & Carroll, New Haven, Conn., for U.S. Mineral Products Co.

Thomas D. Clifford, Joel J. Rottner, James G. Geanuracos, Skelley, Clifford, Vinkels, Williams & Rottner, Hartford, Conn., for National Gypsum Co.

George E. McGoldrick, McGoldrick & Cohen, New Haven, Conn., for North American Asbestos Corp.

## RULING ON DEFENDANT STANDARD ASBESTOS MANUFACTURING AND INSULATING COMPANY'S MOTION TO DISMISS

BLUMENFELD, Senior District Judge.

Standard Asbestos Manufacturing and Insulating Company (Standard), which has been named as a defendant in all of the cases designated as C.M.L. Groups No. 3 and No. 9, has moved the court pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss those actions against it for lack of personal jurisdiction. Standard, a Missouri corporation with its principal place of business in Kansas City, Missouri, claims that it lacks the contacts with the state of Connecticut necessary to make it subject to the jurisdiction of this court. Oral argument on the motion was heard on August 5, 1985. The court withheld decision at the parties' request in order to permit them to attempt to resolve the matter. Having been unable to reach an agreement, the parties have now asked the court to decide the motion.

In order to assert in personam jurisdiction over a foreign corporation, a court must determine that two conditions are met. *Shaw v. American Cyanamid Co.,* 534 F.Supp. 527, 528 (D.Conn.1982). First, there must be a jurisdictional statute that reaches the conduct of the defendant. *Shaw,* at 528. A district court in a diversity action must look to the law of the state in which it sits in determining its jurisdiction. *Arrowsmith v. United Press Inter-*

*national,* 320 F.2d 219, 231 (2d Cir.1963); *Shaw,* at 529. Second, even where a statute purports to grant jurisdiction, the exercise of that jurisdiction under the circumstances must not exceed constitutional due process limitations, which require that the defendant have "minimum contacts" with the state sufficient that it would reasonably anticipate being haled into court there. *World–Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Shaw,* at 529–30.

A motion to dismiss under Rule 12(b)(2) for lack of jurisdiction is a test of plaintiff's actual proof. *See Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981); *Bowman v. Grolsche Bierbrouwerij B.V.,* 474 F.Supp. 725, 728 (D.Conn.1979). In response to such a motion, the party seeking to invoke the court's jurisdiction bears the burden of proof. *United States v. Montreal Trust Co.,* 358 F.2d 239, 242 (2d Cir.), *cert. denied,* 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966); *Bowman,* at 728. Plaintiff must do more than rely on conclusory allegations contained in its complaint; it must make at least "a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 (3d Cir.1984); *Marine Midland Bank,* at 904; *Shaw,* at 528; *Southern New England Distributing Corp. v. Berkeley Finance Corp.,* 30 F.R. D. 43, 47 n. 2 (D.Conn.1962). A decision to dismiss can be made based upon uncontradicted affidavits of the party seeking dismissal. *Marvel Products, Inc. v. Fantastics, Inc.,* 296 F.Supp. 783 (D.Conn.1968).

In this instance, the facts that the parties have put before the court simply cannot support an assertion of jurisdiction over Standard. In support of its motion to dismiss, Standard has submitted a memorandum and a sworn affidavit of its vice president, Fred D. Law. The affidavit contains

an extensive list of things that Standard has not done in Connecticut. According to the affidavit, Standard has not transacted, solicited, or advertised for business in the state; does not have an office in or employ any residents of the state; does not own property or maintain a telephone listing or bank account in the state; does not send salesmen into, perform services in, or sell any of its products in the state; has not entered into contracts for sales with businesses in the state; does not have any distributors in the state; has never had any expectation that its asbestos-related products might be used or consumed in the state; has never received any information to the effect that its products might somehow enter the state, even in an isolated case; and has never availed itself of the privileges and benefits of Connecticut law.

In the face of this blanket denial of contact with the state of Connecticut, the plaintiffs have not provided any evidence of anything that Standard *has* done in the state. The allegations in the complaints, that Standard manufactured defective products, breached a duty to warn users, and was grossly negligent in continuing to manufacture products it knew to be dangerous, do not specify that such conduct occurred in Connecticut. Plaintiffs have submitted neither memoranda nor affidavits, and were unable at oral argument to offer evidence of ties between Standard and this forum. Although plaintiffs have expressed a desire to await the development of additional information that may be obtained through discovery, Standard has already answered jurisdictional interrogatories submitted by the plaintiffs, and no facts supporting jurisdiction were unearthed through that device. At this point, the court has no reason to disbelieve the uncontradicted sworn affidavit submitted by Standard. Plaintiff has not made even a prima facie showing to the contrary, and for purposes of this motion, the facts contained in Standard's affidavit will be taken to be true.

■ On these facts, the Connecticut long-arm statute, Conn.Gen.Stat. § 33–411, cannot support jurisdiction over Standard.

The relevant parts of the long-arm statute are subsections (b) and (c) dealing with foreign corporations. Subsection (b) provides:

(b) Every foreign corporation which transacts business in this state in violation of section 33–395 or 33–396 shall be subject to suit in this state upon any cause of action arising out of such business.

Conn.Gen.Stat. § 33–411(b). In order for a defendant to come within subsection (b), the cause of action alleged against it must arise from business transacted by it within the state in violation of the referenced statutory provision. *Bross Utilities Service Corp. v. Aboubshait,* 489 F.Supp. 1366, 1371 (D.Conn.), *aff'd without opinion,* 646 F.2d 559 (2d Cir.1980); *McFaddin v. National Executive Search, Inc.,* 354 F.Supp. 1166, 1168 (D.Conn.1973). Since Standard asserts in its affidavit that it never transacted any business within the state, whether or not in violation of those provisions, it follows that the cause of action in question cannot arise from such transactions.

A foreign corporation need not ever have transacted business within the state in order to come within subsection (c), which provides:

(c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or

consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn.Gen.Stat. § 33–411(c). This subsection does require a nexus between the cause of action alleged and conduct of the defendant within the state as specificed in its various clauses. *See Schick v. TSR, Inc.*, Civil No. H–84–975 (D.Conn.) (Ruling on Motion to Dismiss filed Mar. 7, 1985) (Blumenfeld, J.) [Available on WESTLAW, DCT database]. There is no evidence that Standard engaged in any conduct within the state of Connecticut that would bring it within the ambit of section 33–411(c). Rather, its affidavit negates the existence of each of the requisite contacts described in subsection (c). Standard avers that it has never made contracts with businesses in the state ((c)(1)); that it has never solicited any business in the state, let alone done so repeatedly, ((c)(2)); and that it has never had any expectation that its goods would be used or consumed in the state ((c)(3)). Although the affidavit does not state explicitly that Standard has not engaged in tortious conduct in the state ((c)(4)), the fact that it has never made, sold, or distributed its product in the state leads to the conclusion that the allegations against it in these cases do not arise from tortious conduct in this state. Under the circumstances, then, the Connecticut long-arm statute does not give this court jurisdiction over Standard for the causes of action alleged by the plaintiffs in these cases.

■ Even if the Connecticut statute could be interpreted so as to reach Standard under these circumstances, it is unlikely that such an exercise of jurisdiction would pass constitutional muster. The Supreme Court has held that due process requires that a defendant cannot be subject to the in personam jurisdiction of the courts of a state unless the defendant has certain "minimum contacts" with the fo-rum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). It is a basic principle of due process and interstate federalism that a state may not "make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties or relation." *Id.* at 319, 66 S.Ct. at 160. The sufficiency of a defendant's contacts with a forum must be determined based upon the facts of each case. Whether due process is satisfied in a given case depends upon "the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Id.*

Here there has been no showing that Standard has any significant contacts, ties or relations with the state of Connecticut. The argument that the mere fact that a defendant could foresee that its product might be used in a state or might cause injury in a state constitutes sufficient contact with the state to sustain personal jurisdiction has been conclusively rejected. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–99, 100 S.Ct. 559, 566–68, 62 L.Ed.2d 490 (1980); *Shaw*, 534 F.Supp. at 531–32. Without evidence that the defendant had some expectation that its products would be used in Connecticut, the mere fact that it injected its products into the stream of commerce cannot subject it to the jurisdiction of this state. *World–Wide Volkswagen*, 444 U.S. at 297–99, 100 S.Ct. at 567–68; *Shaw*, at 529. There is no evidence to suggest that Standard had any reason to anticipate being haled into court in Connecticut based upon its relationship with the state. Thus, even if a Connecticut statute did purport to authorize jurisdiction in this situation, constitutional considerations would bar its exercise.

In light of the complete absence of any evidence that Standard has had contacts with the state of Connecticut that could subject it to the jurisdiction of this court, as discussed in the foregoing analysis,

Standard's motion to dismiss the cases against it for lack of personal jurisdiction is granted as to all cases in C.M.L. Groups No. 3 and No. 9.

SO ORDERED.