William R. HARRIS, et al.

v.

Edwin E. WELLS, et al.

Edwin E. WELLS, et al.

v.

William R. HARRIS, et al.

Civ. Nos. 5–89–391 (WWE), 5–89–482 (WWE).

United States District Court, D. Connecticut.

May 27, 1993.

David P. Atkins, Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, Andrew J. Levander, Richard D. Weinberg, Adam B. Rowland, Shereff, Friedman, Hoffman & Goodman, New York City, for William R. Harris, on behalf of Arochem Intl. and Arochem Corp., V.J. Dispenza, Joseph Sheperd.

James F. Stapleton, Carole F. Wilder, Thomas D. Goldberg, Day, Berry & Howard, Stamford, CT, for Edwin E. Wells, Jr., Stetson Capital Corp., Allen Petroleum & Petrochemical Ventures, Inc.

Scott S. Centrella, Richard E. Castiglioni, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT, Patrick Lynch, O'Melveny & Myers, Los Angeles, CA, Andrew J. Frackman, O'Melveny & Myers, New York City, Phillip R. Kaplan, O'Melveny & Myers, Newport Beach, CA, for S.L. Hutchison, Crail Fund, Victory Oil Co., Victory Holding Co., Robert Johnson, Eric C. Johnson.

Peter M. Nolin, Schatz & Schatz, Ribicoff & Kotkin, Stamford, CT, Joseph D. Pope, Lane & Mittendorf, Kevin J. Toner, James C. McMillin, Werbel, Mc Millin & Carnelutti, New York City, for Allen & Co.

Margaret M. Wynne, Eugene J. Riccio, Gulash & Fleischmann, Bridgeport, CT, Richard F. Lawler, Mary E. Schifferli, Whitman & Ransom, Greenwich, CT, Kari Anne Pedersen, U.S. Attorney's Office, Bridgeport, CT, for Arochem Intl., Inc., Arochem Corp.

Andrew M. Schatz, Stephen W. Aronson, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, Charles E. Shaub, Jr., Robert F. Sylvia, William R. Moore, Susan B. Tuchman, Hinckley, Allen, Snyder & Comen, Boston, MA, for Harold Buirkle.

Timothy D. Miltenberger, New Haven, CT, for Richard M. Coan, trustee.

Robert N. Chatigny, Chatigny & Cowdery, Hartford, CT, for Harry E. Peden.

Lawrence M. Harnett, Richard B. Friedman, Marks & Murase, New York City, Mark Stern, Stern & Miller, Stamford, CT, for Allan J. Lee.

### RULING ON THIRD–PARTY DEFENDANT HAROLD BUIRKLE'S MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendants, Victory Oil Company, Victory Holding Company and Crail Fund (collectively, "Victory"), filed a third-party complaint against Harold Buirkle ("Buirkle"), alleging Buirkle aided and abetted Edwin E. Wells' ("Wells") breach of fiduciary duty, aided and abetted Wells in intentionally interfering with Victory's economic relationship with AroChem, and aided and abetted Wells in engaging in unfair and deceptive trade practices. Buirkle has moved pursuant to Fed. R.Civ.P. 12(b)(2) and (6) to dismiss the claims against him. For the reasons set forth below, the motion will be granted.

### FACTS

AroChem International, Inc. and AroChem Corp. (collectively, "AroChem") are petrochemical businesses operating in Puerto Rico, incorporated in Delaware, and headquartered in Connecticut. These actions relate to a struggle amongst various parties for control of AroChem. Allegations of fraud and other improper activity have been alleged. The principal parties are William R. Harris ("Harris"), Wells, and Victory. Harris is the founder, chairman, president, and majority shareholder of AroChem. He is a resident of Connecticut. Wells is an investment banker who also resides in Connecticut. Wells assisted Harris in obtaining financing for AroChem from Victory. Victory is a California general partnership.

Shortly after AroChem's formation, Harris, Wells, and Victory began to have serious disputes over the operation of AroChem. Harris and Wells both attempted to purchase Victory's interests in AroChem. Buirkle became involved in this matter when he agreed to assist Wells in his efforts to buy Victory's interests in AroChem. Wells and Buirkle executed a "Joint Litigation Agreement," which provided that Buirkle would help finance Wells' litigation expenses incurred in his attempt to acquire a greater interest in AroChem, and that Buirkle would assist Wells in raising the capital needed to obtain a controlling share of AroChem. If Wells successfully gained a controlling interest, Buirkle would have had the right to purchase AroChem common stock.

Neither Harris nor Wells were successful in their attempts to gain a greater share of AroChem. The reasons for their respective failures are in dispute. Harris has sued Wells, Victory, and others. Wells has sued Harris, Victory, and others. Victory filed counterclaims against Wells, and a third-party complaint against Buirkle. Victory's primary allegations are against Wells. The claims raised against Buirkle relate directly to the claims against Wells. According to Victory, Wells and Buirkle engaged in a series of actions counter to the best interests of AroChem for the purpose of gaining control of AroChem. Victory calls this the "Well/Buirkle Venture."

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### Personal Jurisdiction

 Victory must establish that this court has jurisdiction over Buirkle. *Rosenblit v. Danaher*, 206 Conn. 125, 135, 537 A.2d 145 (1988). Conclusory allegations are not enough to establish personal jurisdiction. *Shaw v. American Cyanamid Co.*, 534 F.Supp. 527, 528 (D.Conn.1982). Whether personal jurisdiction exists in a diversity action depends on a two part test: (1) whether the state's long-arm statute reaches the foreign party; and (2) whether the statutory authority comports with due process. *Greene v. Sha–Na–Na*, 637 F.Supp. 591, 595 (D.Conn.1986).

### Connecticut's Long–Arm Statute

Conn.Gen.Stat. § 52–59b states in relevant part:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual ... who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state ...; or (3) commits a tortious act outside the state causing injury to person or property within the state, ... if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

 First, Buirkle did not transact any business in Connecticut. The phrase "[t]ransacts any business" embraces "a single purposeful business transaction," determined by balancing "public policy, common sense, and the chronology and geography of the relevant factors." *Zartolas v. Nisenfeld*, 184 Conn. 471, 474, 477, 440 A.2d 179 (1981). *Greene v. Sha–Na–Na*, 637 F.Supp. at 596, held that a telephone call, telegram, and letter, all directed to the Connecticut plaintiff did not constitute a single purposeful business transaction. In *Connecticut Artcraft Corp. v. Smith*, 574 F.Supp. 626 (D.Conn. 1983), a Connecticut plaintiff attempted to gain jurisdiction over a Florida resident based on agency and conspiracy theories. The court did not find jurisdiction over the Florida resident, an alleged conspirator, who telephoned two Connecticut residents, his alleged co-conspirators, regarding trade secrets of their former employer, a Connecticut corporation.

In the instant action, Buirkle executed a litigation agreement with a Connecticut resident which related to litigation in various jurisdictions, including Connecticut. Buirkle did not have contact with Connecticut in connection with the preparation, negotiation or execution of the agreement. He did not transfer money to Connecticut. He simply had some telephone conversations with Wells concerning the agreement. This activity does not constitute a single purposeful business transaction in Connecticut.

Second, Buirkle did not commit a tortious act in Connecticut. In a related case, this circuit specifically held that Buirkle did not engage in a tortious scheme with Wells. *AroChem Int'l Inc. v. Buirkle*, 968 F.2d 266 (2d Cir.1992) (it is not independently tortious to finance another's litigation). While Victory was not a party to that action, the conduct of Buirkle in question in that and the present action is essentially the same. None of Buirkle's conduct, whether proper or improper, took place in Connecticut.

 Victory may not impute Wells' conduct to Buirkle. Buirkle was not a joint venturer, conspirator or agent of Wells. A joint venture is a special combination of two or more persons who combine their resources in an effort to seek joint profit. *Lesser v. Smith*, 115 Conn. 86, 89, 160 A. 302 (1932). Victory is only required to make a prima facie showing of a joint venture. To do so, however, Victory must demonstrate that Buirkle exercised some control over Wells. *Cutco Indus. Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir.1986). There has simply been no showing that Buirkle exercised any control over Wells.

 Third, Buirkle has not committed a tort outside Connecticut which caused injury

 

within Connecticut. The threshold question is whether any injury to Victory occurred in Connecticut. *Greene v. Sha–Na–Na,* 637 F.Supp. 591, 597 (D.Conn.1986). Connecticut has adopted the "critical events" test to determine where a plaintiff's injury occurred. The crucial factor is whether the plaintiff suffered direct economic injury within Connecticut. *Connecticut Artcraft Corp. v. Smith,* 574 F.Supp. 626, 629–30 (D.Conn. 1983). Victory is a California general partnership without any offices in Connecticut. AroChem is a Delaware corporation which owns, leases and operates refineries in Puerto Rico. Any damage to Victory in Connecticut is too remote and speculative to satisfy the critical events test.

Fourth, Buirkle does not own, use or possess real property in Connecticut. This point is not in dispute. Accordingly, Victory has not established that this court has personal jurisdiction over Buirkle under Conn.Gen. Stat. § 52–59b(a)(1), (2), (3) or (4).

### Due Process

An exercise of jurisdiction over Buirkle would not satisfy due process requirements. Jurisdiction over a foreign party is only appropriate if "minimum contacts" exist between the defendant and the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The key factors of the minimum contacts test are foreseeability and fairness. This requires "that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). A defendant who purposefully avails himself to the privilege of doing business in a state should reasonably expect that he could be haled into that state's courts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985).

In the instant action, Buirkle did not purposefully direct his activities to residents of Connecticut. He executed a joint litigation agreement outside of Connecticut which related to actions and parties in several jurisdictions. He had some telephone conversations with Wells. This was his only direct contact with any resident of Connecticut. Based on these limited contacts, Buirkle should not have anticipated that he would be haled into a Connecticut court.

### CONCLUSION

For the foregoing reasons, Buirkle's motion to dismiss [393] is GRANTED. The Clerk is directed to dismiss Victory's third-party complaint as it relates to Buirkle. Having concluded that jurisdiction over Buirkle would be improper, there is no need to determine whether Victory has stated a claim upon which relief may be granted.