FLUOR CORPORATION and Fluor Engineers and Constructors, Inc., Plaintiffs,

v.

PULLMAN, INCORPORATED, Defendant.

No. CIV–76–0332–D.

United States District Court, W. D. Oklahoma.

Oct. 12, 1977.

778

Douglas E. Olson, Roland N. Smoot, William E. Thomson, Jr., Robert M. Taylor, Jr., Robert B. Martin, Coe A. Bloomberg, Los Angeles, Cal., James D. Fellers, Burck Bailey, Oklahoma City, Okl., for plaintiffs.

Earl P. Willens, Los Angeles, Cal., Ned L. Conley, Houston, Tex., Elliott C. Fenton, Larry D. Ottaway, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in which Plaintiffs seek recovery for Defendant's alleged violations of antitrust laws and a declaratory judgment that United States Patent No. 3,441,-393 held by Defendant is invalid and unenforceable. The instant case was originally brought in the United States District Court for the Central District of California (California Court) and was subsequently transferred to this Court upon Defendant's Motion and consolidated with Case No. CIV-75–0713–D which has since been settled. Another action arising out of the same patent was also brought in California against Defendant and was later transferred to the United States District Court for the Southern District of Georgia (Georgia Court) and

was consolidated with an additional case. Both of these cases are currently pending.

Pursuant to 28 U.S.C. § 1404(a), Defendant has filed herein a Motion For Transfer and a Brief in support thereof wherein Defendant requests the Court to transfer this case to the Georgia Court. Plaintiffs oppose Defendant's Motion and have filed a Motion to Transfer and a Brief in support thereof wherein Plaintiffs ask the Court to return this case to the California Court.

The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In the instant case, the parties do not dispute that the transfer of this case at the present time is appropriate or that this action may have been brought in either the California Court or the Georgia Court. Therefore, the only issue for this Court's determination is whether the California Court or the Georgia Court is the proper forum to receive this case.

A transfer under 28 U.S.C. § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662 (10 Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300 (10 Cir. 1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (10 Cir. 1967). The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

The first factor that the Court must consider under § 1404(a) is the convenience of the parties. It is obvious that it would be more convenient for Defendant to try the instant case with the consolidated cases now pending before the Georgia Court rather than having separate trials. A single

trial in the Georgia Court would result in substantial savings of time and expenses for Defendant and would be more efficient as the duplication of time and effort which would necessarily result from separate trials would be avoided. If this case is transferred to the Georgia Court, Plaintiffs would be able to share the costs of the trial with other parties, whereas, Plaintiffs would have to pay the entire cost of the trial of this case by the California Court. Furthermore, it appears that the instant case would be consolidated with the related cases pending before the Georgia Court and set for trial in January of 1978 whereas a trial in the California Court would be sometime later. Therefore, the Court finds that the weight of the equities would appear to preponderate in favor of transferring this case to the Georgia Court.

The second factor for the Court to consider under § 1404(a) is the convenience of the witnesses. Neither Plaintiffs nor Defendant have submitted affidavits that show the number of prospective witnesses and the location of their residences; the quality or materiality of the testimony of such witnesses; that any such witnesses would be unwilling to come to trial in Georgia or California; that deposition testimony would be unsatisfactory; or that the use of compulsory process will be necessary. However, in view of the nature of the instant case, it appears that most of the witnesses for both Plaintiffs and Defendant will be either experts, for whom travel and expense are customary, or employees of either Plaintiffs or Defendant, whose convenience is treated as virtually identical with that of the party. *Everprest, Inc. v. Phillips-Van Heusen Corp.,* 300 F.Supp. 757 (M.D.Ala.1969). Although a trial in the Georgia Court may actually be inconvenient for some of Plaintiffs' witnesses, such a trial would be eminently more convenient for the majority of Defendant's witnesses as it is likely that most of the same witnesses called by Defendant to testify in the pending Georgia cases would also testify for Defendant in the instant case. Therefore, if this case is tried in the Georgia Court, Defendant's witnesses would have to testify only once whereas the trial of this case in the California Court would require these witnesses to testify first in the Georgia Court and later in the California Court.

The third standard under 28 U.S.C. § 1404(a) is "in the interest of justice." Under this standard, there should be considered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe,* 220 F.2d 299 (7 Cir. 1955). In this regard, several factors are readily apparent which mandate that this Court transfer this case to the Georgia Court. First, to require Defendant to litigate the validity of the patent in suit in multiple actions and forums would be vexatious. Second, if this case is transferred to the California Court, there would be a distinct possibility of inconsistent decisions by the Georgia Court in the related cases currently pending there against Defendant and the California Court in the instant case. Finally, it appears that the instant case could be disposed of much sooner by the Georgia Court than it would be by the California Court.

■ In the Court's judgment, an application of the triple standard of 28 U.S.C. § 1404(a), i. e., convenience of parties, convenience of witnesses, and the interest of justice, favors a transfer of the instant action to the Southern District of Georgia. Accordingly, Defendant's Motion For Transfer should be granted and the Plaintiffs' Motion to Transfer should be overruled.

The Clerk of the Western District of Oklahoma is ordered to transfer this case to the United States District Court for the Southern District of Georgia.

It is so ordered this 12th day of October, 1977.