**TEXTILE MUSEUM, Plaintiff,**

v.

**F. EBERSTADT & CO., INC., Defendant.**

**Civ. A. No. 77–1091.**

United States District Court,
District of Columbia.

Nov. 14, 1977.

Peter A. Greenberg, Washington, D.C., for plaintiff.

Donald J. Mulvihill, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This action, framed in four counts, challenges the conduct of defendant investment advisory organization Eberstadt in its failure to advise plaintiff client of the faltering fortunes of a company in which plaintiff maintained a substantial securities investment. Plaintiff, by agreement executed in New York in May 1969, had entered into a contract with defendant's predecessor (a limited partnership) under which the latter would provide investment advisory service to the plaintiff. Defendant corporation succeeded to the responsibilities of the limited partnership by agreement allegedly executed in the District of Columbia in Octo-

ber 1969. Plaintiff argues that a proper analysis of Franklin National Bank after January 1, 1974 would have disclosed that said bank was in grave danger of failing; the failure of defendant to make an analysis or recommendation is the operative conduct at issue in this case.

Defendant has moved this Court to dismiss the action or grant summary judgment on the alternative grounds of either lack of jurisdiction or expiration of the statute of limitations due to insufficiency of the original service of process. In the alternative defendant seeks to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404 (forum non conveniens). It is not necessary to address the merits of the claim to resolve the controversy in its current posture.

■ This controversy presents both a statutory and a constitutional question. This Court must determine whether there exists a constitutional power to subject defendant to the jurisdiction of this Court, and also whether statutory provision has been made for exercise of that power. Our inquiry need not be bifurcated, however, since the constitutional and statutory provisions are coextensive in the District of Columbia. See *Environmental Research Intl., Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 810–11 (D.C.App.1976) (en banc) (statute allows exercise of jurisdiction to extent permitted by due process clause).

■ Plaintiff delineates the following activity as establishing sufficient contacts to support a finding of jurisdiction: (1) the agreement of October 1971, by which defendant was substituted for its predecessor as investment advisor, was agreed to by plaintiff in the District of Columbia; (2) correspondence was mailed by defendant to plaintiff in the District of Columbia on approximately 74 occasions; and (3) defendant, through its vice president, consulted with plaintiff at the latter's office in the District in 1972. Defendant cites numerous relationships with New York, particularly emphasizing that plaintiff solicited defendant in New York and that the failure to act,

if any, occurred at Eberstadt's offices in New York.

█ Plaintiff argues that jurisdiction exists under D.C. Code § 13–423(a)(1) which establishes jurisdiction over any party ". . . transacting any business in the District of Columbia." The final step in the substitution of Eberstadt corporation for the Eberstadt limited partnership was plaintiff's October 1969 consent which we shall assume *arguendo* was effectuated by signature of its agent in the District of Columbia; this could, under some circumstances, be a basis for jurisdiction. *See Du–Al Corp. v. Rudolph Beaver, Inc.*, 540 F.2d 1230 (4th Cir. 1976) (defendant, which mailed contract into state and negotiated modifications by telephone, subject to jurisdiction upon plaintiff's signing of contract in that state) (applying identical Maryland provision). Isolated contacts are not necessarily dispositive, however, since courts should undertake an analysis of the quality and nature of an activity in relation to a forum state. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The substitution of parties document does not constitute "solicitation of business" in the District of Columbia similar to the *Du–Al* negotiations; the original contract resulted from plaintiff contacting defendant at the latter's offices in New York, and this Court does not believe that Eberstadt's change in business structure should be permitted to convert the contract into a District of Columbia contract. The terms and conditions of the investment advisory contract were set forth in the May contract and not in the consent to substitution of parties. *See Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 382 (6th Cir. 1968) (technicalities of contract execution not determinative of business realities of contract).

While mindful of the difficulties inherent in attempting to localize a business which provides information as its essential function, this Court believes that the initiation of telephone calls and letters by defendant in New York to plaintiff in the District does not, by itself, subject defendant to District of Columbia jurisdiction under § 13–423(a)(1). *National Products Specialists, Inc. v. Bristol Yacht Co.*, No. 7504–72 at 6 (Sup.Ct.D.C. March 28, 1973) (physical presence required to establish "transacting business" regardless of frequency of communications from outstate). We find support for this interpretation by the existence of § 13–423(a)(2) and (6), which provide for exercise of jurisdiction over an individual for activities conducted outside of the District having an impact within the District. *See also Margoles v. Johns*, 157 U.S.App. D.C. 209, 483 F.2d 1212, 1217–18 (1973) (injurious instate consequences of outstate act insufficient basis for jurisdiction under § 13–423(a)(3)).

Plaintiff's notation of the appearance of defendant's vice president at a 1972 meeting in the District is also not persuasive in establishing a foundation for an exercise of jurisdiction. While that meeting could be construed as part of an overall scheme of investment consultation, we decline plaintiff's invitation to read the defendant's obligations as indivisible, and therefore find the connection between the meeting and the 1974 failure to act to be too tenuous to satisfy the relationship requirement of § 13–423(b). *See Haynes v. James H. Carr, Inc.*, 427 F.2d 700, 704–05 (4th Cir. 1970) (single visit to state by defendant's employee insufficient basis for assertion of jurisdiction for activity not arising from that visit); *Piracci v. New York City Employees Retirement System*, 321 F.Supp. 1067, 1073 (D.Md.1971) (defendant's inspection of secured property in state insufficient contact to establish jurisdiction for claim arising from loan but not from that inspection). *But see Doyn Aircraft, Inc. v. Wylie*, 443 F.2d 579, 582 (10th Cir. 1971) (meeting to, *inter alia*, reaffirm contract and renegotiate loan constitutes business transaction, and establishes jurisdiction due to defendant's attempts to improve his economic conditions).

This Court therefore believes that it would be inappropriate to exercise jurisdic-

tion over Eberstadt Corporation since it did not purposely avail itself of the protection of the laws of the District of Columbia. Our decision relies upon the fact that plaintiff initially contacted Eberstadt in New York and upon Eberstadt's failure to otherwise enter District of Columbia channels of commerce: the contacts with the District were minimal and were a direct result of plaintiff's initiative. *See Hanson v. Denckla, supra,* 357 U.S. at 253, 78 S.Ct. 1228 (unilateral activity of persons claiming relationship with non-resident defendant insufficient basis for jurisdiction); *Environmental Research Intl., Inc., supra,* at 812 (plaintiff may not rely on its District activities to establish jurisdiction over defendant).

Plaintiff also argues that jurisdiction exists pursuant to section 13–423(a)(2) of the D.C. Code as a result of defendant's "contracting to supply services in the District of Columbia." Without ascertaining the forum where the investment advice was compiled, plaintiff focuses on the communication of that information which on one occasion—the 1972 meeting—occurred in the District. This Court does not believe that the single District of Columbia contact, at the invitation of plaintiff, is sufficient to subject defendant to jurisdiction here when viewed with recognition of the other consultations which occurred in New York. Again we are impressed by the absence of any conduct by defendant to project itself into the District; contrary to plaintiff's assertions, it was consistent with the contract arrangement for defendant to supply investment advice at its offices in New York. *See Hanson v. Denckla, supra* ; Affidavit of G. Peter Schieferdecker, ¶¶ 11–13.

■ Although this Court believes that it is without jurisdiction to adjudicate this controversy, we believe that the Court has power to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1406. Without passing judgment on the statute of limitations question presented in this case, we believe that plaintiff should not be precluded from presenting its case because of its reasonable but erroneous belief that defendant corpo-

ration transacted business in the District. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *see Piracci v. New York City Employees Retirement System, supra,* at 1073. This Court believes that such a transfer would further the interests of sound judicial administration by permitting adjudication of a New York statutory question by a district court located in that state and undeniably possessed of jurisdiction to resolve that question.

■ We note in passing that, had this Court been possessed of jurisdiction, we would have transferred this action pursuant to 28 U.S.C. § 1404(a). The defendant, plaintiff's trustees, the records of Franklin Bank, and various judicial actions are closely related to New York. In addition, a question of New York law foundations the statute of limitations argument. In this action, all signs point to New York as a more appropriate forum. Such a transfer would serve the convenience of parties and witnesses and would be in the interests of justice. *See Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

For these reasons, it is by the Court this 14th day of November, 1977,

ORDERED, that this action be, and the same hereby is, transferred to the United States District Court for the Southern District of New York. 28 U.S.C. § 1406(a).