FRONTIER AIRLINES, INC.
RETIREMENT PLAN FOR
PILOTS, Plaintiff,

v.

SECURITY PACIFIC NATIONAL BANK,
N.A. and Security Pacific Investment
Managers, Inc., Defendants.

No. 88–F–1266.

United States District Court,
D. Colorado.

Oct. 20, 1988.

Ira M. Long, Jr., Bruce R. Muir, Lentz, Evans & King, P.C., Denver, Colo., for plaintiff.

Joseph E. Meyer, III, Pendleton & Sabian, P.C., Denver, Colo., John A. Sturgeon,

Phillip A. Davis, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on the motion of defendant Security Pacific National Bank to dismiss the claim against them pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue or to transfer it to the Central District of California pursuant to 28 U.S.C. 1406(a), and the motions of both defendants to transfer the case to the Central District of California pursuant to 28 U.S.C. 1404(a). Plaintiff seeks damages under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). The Federal District Courts have exclusive original jurisdiction over ERISA claims. 29 U.S.C. § 1132(a)(2). For the reasons stated below, defendants' motion to dismiss the claim is denied. Defendants' motions to transfer the case to the Central District of California are granted.

Plaintiff is an employee pension benefit plan located in Colorado. Defendants are a bank and a wholly-owned investment corporation located in the Central District of California. Central Bank of Denver, trustee of the plan, made an agreement with defendant Security Pacific National Bank ("Security") entrusting the latter with investment of the plan's funds. Plaintiff's complaint asserts that the plan lost a large part of its funds because the defendants were negligent in investing plan assets. The complaint also asserts that defendants collected excessive management fees. Finally, the complaint asserts that defendants improperly demanded additional funds from the plan to cover cash flow deficits.

Defendant Security argues that venue is improper in the District of Colorado because the agreement between Central Bank of Denver and Security contained a clause restricting venue. The clause stated:

> [E]xcept where otherwise specifically required by the provisions of ERISA, the Ancillary Trustee shall be liable to account only in the courts of the State of California.

Defendant Security Pacific Investment Managers ("SPIM") argues, and defendant Security argues in the alternative, that the case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) in the interests of convenience and justice. Venue is also proper in the Central District of California under ERISA since that is the location of the defendants. 29 U.S.C. § 1132(e)(2).

## CONTRACTUAL SELECTION OF VENUE

 Plaintiff argues against application of the venue selection clause on several grounds. First, plaintiff argues that the clause is void because it attempts to limit venue to the California state courts, which have no jurisdiction over ERISA suits. The court is satisfied, however, that the phrase "the courts of the state of California" in the Central Bank/Security Pacific contract includes federal courts within California, given the fact that the contract clause clearly indicates that it is intended to cover ERISA claims. Plaintiff also contends that the clause only applies to actions for an accounting, since it limits the courts in which defendant will be "liable to account." However, the meaning of the word "account" is not limited to the narrow sense of actions for an accounting.

 Finally, plaintiff contends that venue selection clauses are unenforceable in ERISA actions generally. Defendant argues that this case should be determined according to the holding in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). There, the Court held that venue selection clauses should be enforced, unless they are shown to be unreasonable or against public policy. *Id.* at 9–10, 92 S.Ct. at 1912–13. Plaintiff contends that venue selection clauses should be unenforceable in ERISA actions under 29 U.S.C. § 1110(a), which states as follows:

> Except as provided in Sections 405(b)(1) and 405(d), any provision in an agree-

ment or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy.

Plaintiff contends that a venue selection clause is one which purports to relieve a fiduciary from liability, because it limits actions against the fiduciary to certain courts. In *Boyd v. Grand Trunk Western R. Co.*, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949), the Supreme Court held that a venue selection clause was unenforceable under the Federal Employer's Liability Act ("FELA"). § 5 of FELA stated:

Any contract, rule regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, shall to that extent be void....

In *Boyd*, the defendant required an injured employee to sign a venue selection clause in exchange for receiving payments in compensation for his injury. The Court pointed out that the contract was signed after the injury occurred, and held that the right of the plaintiff to bring his FELA suit in any eligible forum was sufficiently substantial to be protected by § 5 of FELA. *Boyd*, 338 U.S. at 265–66, 70 S.Ct. at 27–28. *Boyd* was relied on in *Lewis v. Merill Lynch, Pierce, Penner & Smith*, 431 F.Supp. 271 (E.D.Pa.1977), which held that 29 U.S.C. § 1110(a) invalidated an arbitration provision in an ERISA fiduciary contract.

The facts of this case are distinguishable from both *Boyd* and *Lewis*. Unlike the arbitration provision in *Lewis*, the venue selection clause does not preclude the plaintiff from seeking relief in federal court. Unlike the contract in *Boyd*, the contract which limited venue in this case was negotiated between sophisticated parties, in advance of any events creating liability.

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), states that venue selection clauses had historically been disfavored. "Many courts, federal and state, have declined to enforce such clauses on the ground that they were 'contrary to public policy' or that their effect was to 'oust the jurisdiction' of the court." *Id.* at 9, 92 S.Ct. at 1913. After *Bremen*, however, such clauses should be given full effect, when they are freely negotiated in sophisticated transactions. *Id.* at 12–13, 92 S.Ct. at 1914–15. The contract at issue here for investment of the plaintiff's funds far more closely resembles the type of transaction present in *Bremen* than the contract in *Boyd*. The court concludes that this venue selection clause does not relieve the defendant from liability within the meaning of 29 U.S.C. § 1110(a). *Cf.*, *Fireman's Fund American Insurance Co. v. Puerto Rico Forwarding Co.*, 492 F.2d 1294 (1st Cir.1974) (despite provision in Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300–1315, prohibiting clauses relieving carriers from liability, venue selection provisions are enforceable). The provision requiring the plaintiff to bring its suit in the Central District of California is not against public policy, since it reflects the parties' appraisal of the most appropriate forum to bring any dispute, and it should be enforced.

The court declines to dismiss the claim against Security for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Rather, the claim is transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).

### CHANGE OF VENUE IN THE INTERESTS OF CONVENIENCE AND JUSTICE

Defendants contend that the entire case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a), which states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Defendants contend that the case should be transferred to the Central District of California, since that is the location of the defendants. It is also the location where the allegedly negligent investment decisions were made. Furthermore, defend-

ants point out that a similar case, *Western Airlines Inc. Pilots Variable Pension Plan v. Security Pacific National Bank, et al.*, 88–05208 JRx, is pending in that District, and that the cases may be consolidated. Finally, defendants contend that if the claim against Security is transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a), then the claim against SPIM should also be transferred.

Plaintiff admits that the case could have been brought in the Central District of California, since that is the location of the defendants. Plaintiff contends, however, that the case should be heard in Colorado because it is the location of two other entities which played a part in the transaction, Energy Search and Management, Inc. ("ESM") and Emerald Corporation. Plaintiff contends that ESM was charged with locating potential borrowers of the fund's assets. Plaintiff claims that the borrowers located by ESM proved to be bad risks, and that the records maintained by ESM in Colorado would bear that fact out. Emerald was created by Security or SPIM to foreclose on loans made by Security to borrowers located by ESM, and to operate foreclosed property. Plaintiff also contends that the case pending in the Central District of California is not relevant to this litigation, because it involves additional defendants, including ESM and its principals, and additional claims for relief. Finally, plaintiff states that it is important for their case to be brought to trial quickly, since the plan sponsor is in bankruptcy.

■ 28 U.S.C. § 1404(a) is designed to allow the District Court to transfer cases to other districts, when to do so would be to prevent waste of time, energy, and money, and would prevent unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The choice of forum chosen by the plaintiff is to be given considerable weight. *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). However, the court should transfer the case when it appears that another forum would be more conducive to the convenience of the parties and witnesses, and the interests of justice. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

■ The court notes that while plaintiff now contends that the activities of ESM, and hence the information it has in Colorado, are of paramount importance, there is no mention of ESM or Emerald in plaintiff's complaint. Rather, the complaint alleges that defendant's breach of duty consisted of lack of care in investment decisions, collection of management fees, and requests for additional plan assets. These decisions were made by defendants in California. *See e.g., Textile Museum v. F. Eberstadt & Co., Inc.*, 440 F.Supp. 30 (D.D. C.1977).

It also appears to the court that the litigation pending in the Central District of California is highly related to this action. Both actions allege that the same investment decisions made by Security and SPIM were negligent. Identical legal issues would be involved, and witnesses and discovery would overlap substantially. As for the additional parties in the action pending in the Central District of California, it is important to note that these parties are the very Colorado entities which plaintiff claims are important to their case. Because they would be appearing in that action, plaintiffs would have ready access to their documents on transfer of the case. This court does not express an opinion as to whether the two cases should be consolidated, since that decision would be made by the court in California. However, where a related case involves overlapping witnesses and discovery, then it is in the interest of justice to transfer a case to the district in which the related case is pending. *Fluor Corp. v. Pullman, Inc.*, 446 F.Supp. 777, 779 (W.D.Okla.1977).

Finally, plaintiff has failed to demonstrate that this case could not be timely adjudicated in the Central District of California. Indeed, it would seem that the court in the Central District of California would be more capable of bringing the case to a timely and efficient resolution, given the similarity of the case before it to this

case. This court concludes that transfer of this case would be in the interest of justice and would advance the convenience of the parties and witnesses. 28 U.S.C. § 1404(a) provides an alternative ground for transferring the claim against Security to the Central District of California, and sufficient ground for transferring the claim against SPIM. Furthermore, given this court's holding above that the contractual selection of venue clause requires transfer of the claim against Security to the Central District of California, transfer of the claim against SPIM is certainly appropriate under 28 U.S.C. § 1404(a), since the claims against Security and SPIM are identical.

ACCORDINGLY, this case is transferred in its entirety to the Central District of California.