**Lawrence GREENBERG and Tamar Greenberg, Plaintiffs,**

**v.**

**Julius GREENBERG, M.D., and Allergy Group, P.C., Defendants.**

**Civil Action No. 95–B–663.**

United States District Court,
D. Colorado.

Feb. 14, 1997.

Patric J. LeHouillier, LeHouillier and Associates, Colorado Springs, CO, for Plaintiffs.

Mark A. Fogg, John R. Mann, Kennedy & Christopher, P.C., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In this medical negligence diversity action, defendants, Julius Greenberg, M.D. (Dr. Greenberg) and Allergy Group, P.C. (the Group) (collectively, defendants) move to dismiss the complaint for lack of personal jurisdiction or for lack of proper venue pursuant to Fed.R.Civ.P. 12(b)(3), 28 U.S.C. §§ 1391(a) and 1406(a). In the alternative, defendants seek to transfer venue to the United States District Court, Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) and 1406(a). Plaintiffs, Lawrence Greenberg (L. Greenberg) and Tamar Greenberg (T. Greenberg) (collectively, plaintiffs) object to the motions. For the following reasons, I will deny defendants' motions to dismiss and transfer venue.

### I. *Facts*

This medical negligence action is brought by L. Greenberg and T. Greenberg, citizens and residents of the State of Colorado, against Dr. Greenberg, plaintiffs' father and father-in-law, respectively. When this action was filed in 1995, Dr. Greenberg was a practicing physician in Michigan and an employee, and a principle shareholder, officer, and director of defendant Group. Dr. Greenberg retired from the practice of medicine on June 1, 1996. Defendants are residents of the State of Michigan.

Plaintiffs allege that from approximately 1965 to January 26, 1995, Dr. Greenberg committed medical negligence by, *inter alia,* prescribing and dispensing controlled substances to L. Greenberg. C/O ¶¶ 12 (a-c, e). According to the Greenbergs, during this time, Dr. Greenberg prescribed and dispensed to L. Greenberg benzodiazepines, schedule IV controlled substances, and schedule II and III controlled narcotics including hydrocodone and oxycodone. *Id.* at § 14. As a result of ingesting the drugs Dr. Greenberg prescribed and dispensed to L. Greenberg, plaintiffs allege he became addicted and psychologically and physically de-

pendent upon these controlled substances. *Id.* at ¶¶ 19, 24(a).

## II. *Personal Jurisdiction*

Defendants claim they are entitled to dismissal because their contacts with Colorado are insufficient to justify the exercise of personal jurisdiction in the district of Colorado under C.R.S. § 13–1–124 or Fourteenth Amendment due process principles.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Kuenzle v. HTM Sport–Und Freizeitgerate, AG,* 102 F.3d 453, 455 (10th Cir.1996) *quoting Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir.1995). By enacting its long-arm statute, C.R.S. 13–1–124, "the Colorado legislature intended to extend the jurisdiction of [its] courts to the fullest extent permitted by the due process clause of the United States Constitution." *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court,* 620 P.2d 1040 (Colo.1980). *See also Waterval v. District Court,* 620 P.2d 5 (Colo.1980). Because Colorado case law extends its jurisdiction to the limits of the federal constitution, "[my] only concern is whether . . . maintenance of the suit . . . would . . . offend the due process clause of the Fourteenth Amendment." *Kuenzle,* 102 F.3d at 455 (Wyoming long-arm statute) *quoting Shanks v. Westland Equip. & Parts. Co.,* 668 F.2d 1165, 1167 (10th Cir.1982).

Personal jurisdiction is proper under the Fourteenth Amendment if a nonresident defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The minimum contacts standard may be satisfied in either of two ways. *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1532 (10th Cir.1996). First, a court may exercise

specific jurisdiction if a "defendant has 'purposely directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to those activities.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985) (citations omitted). Also, a defendant's "activities within the jurisdiction must render it foreseeable that the party should reasonably anticipate being haled into the forum court." *In re Application to Enforce Administrative Subpoenas v. Knowles,* 87 F.3d 413, 417 (10th Cir.1996) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Second, a court may exercise general jurisdiction where the defendant's contacts with the forum state, while not rising to the level of traditional notions of presence in the forum state, are "'continuous and systematic.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

Whether a nonresident has the requisite minimum contacts to establish personal jurisdiction either through the exercise of specific or general jurisdiction must be evaluated on the facts of each case. *Shanks v. Westland Equip. & Parts Co.,* 668 F.2d 1165, 1167 (10th Cir.1982). "The plaintiffs bear the burden of establishing personal jurisdiction over the defendant[s]." *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Plaintiffs need only make a prima facie showing of jurisdiction when, as here, the motion is to be decided on the basis of affidavits and other written materials. *Id.* In addition, for the purposes of this motion, I must resolve all factual disputes in favor of plaintiff. *Id.*

The Greenbergs allege, *inter alia,* that Dr. Greenberg negligently prescribed and dispensed controlled substances to L. Greenberg, C/O ¶¶ 20,25 during the times they were residents of Colorado and, as a consequence, "[L. Greenberg] has become addicted to, and psychologically and physically dependent upon controlled substances." C/O ¶ 24(a). The Greenbergs submitted affidavits in response to the defendants' motion to

dismiss, stating that L. Greenberg is "addicted to drugs and in immediate need of an inpatient treatment program to be followed by an extensive outpatient program." L. Greenberg Aff. portion of Plts'. Exh. A ¶ 12. Also, L. Greenberg states that Dr. Greenberg sent prescription drugs to him in Colorado on no less than thirty separate occasions. *Id.* at ¶ 10. Dr. Greenberg admits sending the prescription medication, Xanax, to L. Greenberg in January, 1995. Also, Dr. Greenberg "is aware of at least one other instance, based on his review of his records, on which he transmitted prescription medication to Plaintiff in Colorado." Defs.' Supp. to Mtn. to dismiss p. 3.

### A. *Specific Jurisdiction*

■ I conclude that plaintiffs have presented sufficient facts to establish a prima facie case for personal jurisdiction over defendants in the District of Colorado. Dr. Greenberg mailed the prescription drugs to L. Greenberg in Colorado and does not dispute that he knew that L. Greenberg resided in Colorado from July, 1990 to January, 1991, August, 1991 to June, 1992, and continuously from August, 1994 to present. Thus, it was foreseeable that Dr. Greenberg would be haled into court in Colorado if a dispute arose regarding Dr. Greenberg's actions in sending prescription medication to L. Greenberg in Colorado. In addition, Dr. Greenberg knew, or should have known, that L. Greenberg ingested the prescription medication in Colorado and sustained the injuries alleged here. I conclude, therefore, that Dr. Greenberg purposefully directed his activities at a resident of Colorado and that this litigation results from the alleged injuries that arise out of or relate to those activities. Therefore, the minimum contacts standard for specific jurisdiction is satisfied. *See Burger King,* 471 U.S. at 472, 105 S.Ct. at 2181–82. Having concluded that I may exercise specific jurisdiction in this case, thus satisfying the minimum contacts standard, I need not evaluate the exercise of general jurisdiction.

Next I determine whether the exercise of personal jurisdiction over defendants offends the notions of fair play and substantial justice. There is a close relationship between defendants' contacts with Colorado and the present action. It will be no more unfair for defendants to be haled into Colorado than to force plaintiffs to file in Michigan. In addition, although Colorado may be a less convenient forum for defendants than Michigan, it is not so inconvenient as to be unfair or unjust. *See International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. *See also* section III B *infra.* Also, Colorado has an interest in providing a forum to its residents for causes of action arising substantially from activities within its borders. In short, exercising jurisdiction over defendant in Colorado does not offend the notions of fair play and substantial justice. I conclude that plaintiffs have met their burden to establish a prima facie case for the exercise of personal jurisdiction over defendants in the District of Colorado.

### III. *Venue*

Defendants move to dismiss this action for improper venue or, in the alternative, change the venue from the District of Colorado to the Eastern District of Michigan. For the following reasons, I will deny both motions.

### A. *Improper venue*

The Greenbergs claim venue in this district pursuant to 28 U.S.C. § 1391(a) which states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

■ Venue of this action is proper in Colorado based on my ruling that defendants are subject to personal jurisdiction in the District of Colorado. 28 U.S.C. § 1391(a)(3). Thus, I do not address defendants' other improper venue arguments.

B. *Transfer of Venue pursuant to 28 U.S.C. § 1404(a) (forum non conveniens)*

In the alternative, defendants move to transfer venue to the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1404(a) (forum non conveniens).

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." In deciding motions for transfer of venue, the district court may give an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988). The district courts may transfer cases to another district to prevent waste of time, energy, and money, unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); *Frontier Airlines, Inc. Retirement Plan for Pilots v. Security Pacific Nat. Bk., N.A.*, 696 F.Supp. 1403, 1406 (D.Colo.1988).

A party moving to transfer a case bears the burden of showing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). Among the factors to be considered are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

Unless the balance of considerations is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972).

■ Defendants argue that the Eastern District of Michigan is more convenient than the current forum because: (1) defendants and many, if not all, material witnesses reside in Michigan; 2) pursuant to Fed. R.Civ.P. 45, the witnesses are beyond the limits of subpoena power in the District of Colorado, thus requiring travel to Michigan to depose the Michigan witnesses; and (3) any judgment plaintiffs may obtain could only be executed upon in Michigan.

Plaintiffs reside in Colorado. All parties plan to call some witnesses who are not employees or otherwise under the control of that party. Therefore, whether the trial is held in Colorado or Michigan, certain witnesses on one side or the other will not be subject to the subpoena power of the court and some witnesses and documents will have to be transported. Transfer of civil actions is not favored where the transfer would serve only to shift the burden of inconvenience from one party to another. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir.1986). Also, defendants have not provided the Court with the identify of its "material witnesses" or the substance and relative importance of their anticipated testimony. In contrast, plaintiffs identify fifteen witnesses, including themselves, and give the general substance of the anticipated testimony of seven of the fifteen witnesses.

I am aware that Dr. Greenberg suffers physical ailments which limit his ability to travel. However, the Federal Rules of Civil Procedure provide for trial preservation depositions in such circumstances. Fed. R.Civ.P. 32(a)(3)(C). Moreover, given the severity of Dr. Greenberg's medical status, Supp. to Defs.' Mtn. to Dismiss Exh. C and D, it is possible that a trial preservation deposition would be required for Dr. Greenberg's testimony even if the trial were held in Michigan.

Accordingly, it is ORDERED that defendants' motions to dismiss for lack of jurisdiction and change of venue are DENIED.